UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM LLOYD GILES,<br><br>Petitioner,<br><br>v.<br><br>SHERIFF,<br><br>Respondent. | CAUSE NO. 3:26-CV-1244-JTM-AZ |

OPINION AND ORDER

William Lloyd Giles, a prisoner without a lawyer, filed a habeas petition to challenge his detention in connection with probation revocation proceedings in the Elkhart Superior Court under Case No. 20D04-2407-CM-1344.[1] Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Giles cannot proceed on this petition because he has not exhausted State court remedies with respect to his claim. Exhaustion of State court remedies is not a statutory requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). Judicially-created common-law exhaustion applies when Congress has not

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

clearly required exhaustion via statute. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-16 (7th Cir. 2004). To exhaust, a habeas petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004)."This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.*

The electronic docket for the State courts reveals that Giles was arrested for a probation violation around August 3, 2026. He has filed numerous motions in State court, and the Elkhart Superior Court has indicated that it will consider them at the probation violation hearing set for September 28, 2026. Moreover, under Indiana law, Giles will have the opportunity to appeal an unfavorable decision with the Indiana appellate courts. *See* Ind. Code § 35-38-2-3(l). On this basis, the court finds that Giles has not exhausted State court remedies. Therefore, he may not proceed on this habeas petition.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the habeas corpus petition (DE # 1) for failure to exhaust State court remedies; and

(2) DIRECTS the clerk to enter judgment and close this case.

**SO ORDERED.**

Date: September 28, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT